THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Jane and John
 Doe, Respondents,
 
 
 
 
 

v.

 
 
 
 Alonzo L. P., Appellant.
 
 
 
 In the interest of one minor child.
 
 
 
 
 
 

Appeal From Aiken County
Peter R. Nuessle, Family Court Judge

Unpublished Opinion No. 2010-UP-485
 Submitted October 1, 2010  Filed November
4, 2010

AFFIRMED

 
 
 
 Michael Wilson Millians, of Augusta, for
 Appellant.
 James Fletcher Thompson, of Spartanburg, for
 Respondents.
 James L. Verenes, of Aiken, Guardian ad
 Litem.
 
 
 

PER CURIAM: John
 and Jane Doe (the Does) filed an action for the termination of Alonzo P.'s (Father's)
 parental rights to his minor child (Baby Boy) and adoption.  Following the
 hearing, the family court concluded Father's consent to adoption was not
 required and granted the adoption.  The family court also terminated Father's
 parental rights pursuant to sections 63-7-2570(3) (willful failure to visit)
 and (4) (willful failure to support) of the South Carolina Code (2010). 
 Additionally, the family court found adoption was in Baby Boy's best
 interests.  We affirm.[1]
1.  We agree Father's consent
 to adoption was not required.  See S.C. Code Ann. § 63-9-310(A)(5)
 (2010) (explaining a father's consent for the purpose of adoption is required
 if a child was born "when the father was not married to the child's
 mother, if the child was placed with the prospective adoptive parents six
 months or less after the child's birth, but only if: (a) the father openly
 lived with the child or the child's mother for a continuous period of six
 months immediately preceding the placement of the child for adoption, and the
 father openly held himself out to be the father of the child during the six
 months period; or (b) the father paid a fair and
 reasonable sum, based on the father's financial ability, for the support of the
 child or for expenses incurred in connection with the mother's pregnancy or
 with the birth of the child, including, but not limited to, medical, hospital,
 and nursing expenses"); Abernathy v. Baby Boy, 313 S.C. 27, 32, 437
 S.E.2d 25, 29 (1993) (explaining when the Legislature enacted section 63-9-310(A)(5)(b),
 it "contemplated establishing general minimum standards by which an unwed
 father timely may demonstrate his commitment to the child, and his desire to
 grasp [the] opportunity to assume full responsibility for his child"); Id. (concluding "an unwed father is entitled to constitutional protection not
 only when he meets the literal requirements of section [63-9-310](A)(5)(b), but
 also when he undertakes sufficient prompt and good faith efforts to assume
 parental responsibility and to comply with the statute").  
2.  We agree adoption is in
 Baby Boy's best interests.  See  Patel v. Patel, 347 S.C. 281,
 285, 555 S.E.2d 386, 388 (2001) ("In a custody case, the best interest of
 the child is the controlling factor."); Arscott v. Bacon, 351 S.C.
 44, 55, 567 S.E.2d 898, 903 (Ct. App. 2002) (examining whether adoption is
 in a child's best interest after a finding a biological father's consent to
 adoption was not necessary).[2]  
Further, we grant counsel's
 petition to be relieved. 
AFFIRMED. 
WILLIAMS, J.,
 KONDUROS, J., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] We need not address whether the family court erred in
 terminating Father's parental rights.  See Parag v. Baby Boy Lovin,
 333 S.C. 221, 229 n.2, 508 S.E.2d 590, 594 n.2 (Ct. App. 1998) (reversing
 the family court's finding consent to adoption was necessary and declining to
 address whether the grounds for termination of parental rights were met).